[No. 25312. Department One. May 6, 1935.]

DONALD MACKAY, *Respondent*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant*.[1]

*The Attorney General* and *Browder Brown, Assistant,* for appellant.

*Chas R. Lewis,* for respondent.

GERAGHTY, J.—This appeal is from a judgment of the superior court in favor of claimant Donald MacKay and against the department of labor and industries.

One LeMay had a contract with Mason county for the construction of a road and employed the claimant with his caterpillar upon the work. Claimant was paid for his time and the use of the caterpillar at the rate of two dollars an hour. The employer was to furnish the gasoline required to operate the caterpillar.

While claimant was in the prosecution of his work, the caterpillar became disabled by the breaking of one of its parts. The nearest place where repairs could be

[1]Reported in 44 P. (2d) 793.

had was Shelton, to which place the claimant brought the broken part in his automobile. Upon entering the garage where the repair was to be made, he slipped and fell upon the concrete floor, injuring one of his fingers, the injury necessitating its subsequent amputation.

Claim for compensation was denied by the department. A rehearing before the joint board of the department was granted and resulted in an order sustaining the former decision. On appeal to the superior court, the order of the joint board was reversed, and the cause remanded to the department, with direction to acknowledge the claim.

The department contends that, when claimant ceased work and proceeded to Shelton to secure the repair of the broken part, he entered upon the performance of work in which he only was interested; that the interest of the employer was entirely contingent upon claimant's operation of the caterpillar on the job upon which he was employed; that, during the time the caterpillar was out of use, claimant's employment was suspended and his pay was stopped.

The department attaches undue significance to the fact that claimant was paid by the hour. Rem. Rev. Stat., § 7676, provides:

"In computing the payroll the entire compensation received by every workman employed in extra-hazardous employment shall be included, whether it be in the form of salary, wage, piece-work, overtime, or any allowance in the way of profit sharing, premium or otherwise, and whether payable in money, board, or otherwise."

The manner of payment is not determinative of the status of the employee. We think the department's view is too narrow and not warranted by the spirit of the workmen's compensation act.

"This court is committed to the doctrine that our workmen's compensation act should be liberally construed in favor of its beneficiaries. It is a humane law and founded on sound public policy, and is the result of thoughtful, painstaking and humane considerations, and its beneficent provisions should not be limited or curtailed by a narrow construction." *Hilding v. Department of Labor and Industries,* 162 Wash. 168, 298 Pac. 321.

In its brief, the department says it is unable to find any authorities precisely in point. The want of book authority may be supplied by a common sense consideration of the circumstances of the case. As was said in *In re McNicol,* 215 Mass. 497, 102 N. E. 697, L. R. A. 1916A, 306:

"It [an injury] 'arises out of' the employment, when there is apparent to the rational mind, upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury. Under this test, if the injury can be seen to have followed as a natural incident of the work and to have been contemplated by a reasonable person familiar with the whole situation as a result of the exposure occasioned by the nature of the employment, then it arises 'out of' the employment."

The caterpillar became disabled on the job. The job was to be done. The claimant did the natural and proper thing in taking the disabled part at once to the nearest place where it could be repaired to enable him, as speedily as possible, to do the work for which he was hired. We think this was incidental to his employment, even though the aggregate amount of his pay was to be determined by the time during which the machine was in operation. The compensation of two dollars an hour took into account, of course, wear and tear as well as loss of time and expense involved in

making the casual repairs necessarily incidental to its operation.

In *White v. Shafer Bros. Lumber & Door Co.,* 165 Wash. 298, 5 P. (2d) 520, it was held that an employee working regularly on the night shift as a saw filer, but who did extra work in the daytime when required, was injured in the course of his employment within the workmen's compensation act when he came upon the premises of his employer to inquire if his services were needed, although he was receiving no pay at the time of his injury, and was not actually engaged in doing the specific work for which he was hired. In that case, the court quoted with approval *Indian Hill Club v. Industrial Insurance Commission,* 309 Ill. 271, 140 N. E. 871, holding that a caddy employed by a golf club, who came on the grounds with numerous other caddies to take assignment as occasion offered, but had received no assignment and no pay on the day of his injury, was nevertheless entitled to compensation for an injury sustained as he was leaving the grounds of the club, and we said:

"In harmony with that decision, we have held that it is not necessary that an employee in an extrahazardous employment must necessarily be actually at work, when injured, in order to be considered as 'injured in the course of his employment;' that is, his injury may be so intimately related to his employment as to call for the holding that he was 'injured in the course of his employment,' though not then actually at work or within his actual working hours."

In those cases, the claimants were allowed compensation, although at the time not drawing pay from the employer.

The judgment will be affirmed.

MILLARD, C. J., MAIN, BEALS, and TOLMAN, JJ., concur.