COURT OF APPEALS DIV I
2015 NOV -2 AM 9: 05


# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| ROBERT A. BURKE, an individual;<br>TIMBERLINE HOMES, LLC., a<br>Washington limited liability company;<br><br>Plaintiffs,<br><br>and<br><br>INNERSPACE, LLC., a Washington<br>limited liability company (now known as<br>INNERSPACE FLOOR COVERINGS,<br>INC., a Washington corporation), and<br>JOHN DOE companies 1-15,<br><br>Appellants,<br><br>v.<br><br>JANET HILL, an individual,<br><br>Respondent,<br><br>and<br><br>ALLEN LOUN, an individual,<br><br>Defendant. | No. 71500-3-I<br><br>DIVISION ONE<br><br><br><br><br><br><br>PUBLISHED OPINION<br><br>FILED: November 2, 2015 |

LAU, J. — Innerspace Floor Coverings Inc. (Innerspace) appeals the trial court's order on summary judgment dismissing a lawsuit against its former attorney, Janet Hill.

This case presents the question of whether an administratively dissolved corporation must reinstate to maintain an action. Under the circumstances presented in this case, we conclude no authority mandates corporate reinstatement in order to maintain an action. We reverse the trial court's order granting summary judgment dismissing Innerspace's lawsuit.

## FACTS

The material facts are not disputed.[1] This case involves the question of whether a lawsuit commenced by a corporation administratively dissolved under RCW 23B.14.200(1) and (2) abates unless the corporation applies for reinstatement within five years after the effective date of dissolution.

In 1998, David Gillette and Adam Loun operated a flooring business under the name Innerspace LLC. Janet Hill acted as the LLC's attorney.

In 2005, the secretary of state administratively dissolved Innerspace LLC based on failure to file its annual report and pay its licensing fee. Gillette and Loun incorporated a new entity named Innerspace Floor Coverings Inc. (Innerspace), and continued doing business under that name. Hill continued on as Innerspace Inc.'s attorney.

On August 1, 2008, the secretary of state administratively dissolved Innerspace Inc., for failing to file its annual report and pay its licensing fee.

On January 12, 2012, Innerspace Inc. sued Hill and Loun[2] in King County Superior Court alleging various claims. On August 1, 2013, the five-year statutory

---

[1] The parties agree this appeal involves issues of law not facts.
[2] Loun is not a party to the present appeal.

period to apply for reinstatement expired. Neither Gillette or Loun applied to the secretary of state to reinstate the corporation at any time.

On October 25, 2013, Hill moved for summary judgment requesting dismissal of Innerspace's claims. She asserted that Innerspace's failure to apply for reinstatement of the corporation during RCW 23B.14.220's five-year reinstatement period rendered it irrevocably dissolved and without standing to maintain an action.

On December 27, 2013, the trial court granted Hill's summary judgment motion, concluding that "a dissolved corporation that has not been reinstated within five years of dissolution [lacks] standing to maintain an action." Clerk's Papers (CP) at 910-15.

Innerspace appeals.

## ANALYSIS

Innerspace contends that the plain text of Washington's postdissolution statute, RCW 23B.14.050, imposes no reinstatement requirement on a corporation administratively dissolved in order to maintain a lawsuit in its corporate name.

Hill contends that no statute allows Innerspace's lawsuit after the expiration of the reinstatement period without reinstating the corporation. She argues "lawsuits abate without corporate reinstatement under the common law." Br. of Resp't at 25.

Review of a grant of summary judgment is de novo. Lakey v. Puget Sound Energy, Inc., 176 Wn.2d 909, 922, 296 P.3d 860 (2013). Summary judgment is properly granted if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. CR 56(c); Lakey, 176 Wn.2d at 922.

-3-

Washington Business Corporation Act—Chapter 23B RCW

"At common law, when a corporation dissolved it ceased to exist for all purposes and therefore could not sue or be sued." Ballard Square Condo. Owners Ass'n v. Dynasty Const. Co., 158 Wn.2d 603, 609, 146 P.3d 914 (2006). Common law largely governed Washington corporation law until statutory enactments substantially altered that law.

In 1965, the Washington Legislature enacted the Washington Business Corporation Act (WBCA), LAWS OF 1965, ch. 53, which was based mostly on the national Model Business Corporation Act.

In 1984, the national Model Business Corporation Act was revised in response to comments from throughout the country. In 1989, the Washington Legislature substantially revised the WBCA, LAWS OF 1989, ch. 165, to incorporate many provisions of the national 1984 Revised Model Business Corporation Act.

The WBCA governs a wide range of corporate matters including incorporation, the powers and purposes of corporations, creation and distribution of shares, mergers and acquisitions, sale of assets, and dissolution. See Title 23B.

Corporate Dissolution—Chapter 23B.14 RCW

Under the WBCA, the secretary of state may administratively dissolve a corporation for failure to pay license fees or penalties when they become due. RCW 23B.14.200.[3] Following administrative dissolution, a corporation may apply to the

---

[3] The secretary of state may administratively dissolve a corporation under RCW 23B.14.210 if:
      (1) The corporation does not pay any license fees or penalties, imposed by this title, when they become due;

secretary of state for reinstatement within five years from the date of dissolution. RCW 23B.14.220.[4] If reinstatement is granted, it relates back to the effective date of the administrative dissolution, and the corporation carries on as if the administrative dissolution had never occurred. RCW 23B.14.220(3).[5]

Once dissolved, a corporation continues its existence but may only engage in activities necessary to winding up and liquidating its business and affairs. RCW 23B.14.210(3).[6] Generally, winding up includes the collection of assets, disposing of assets, satisfaction of liabilities, and the distribution of property to shareholders. See RCW 23B.15.050(1)(a)-(e).

Corporate dissolution does not prevent the commencement of a proceeding by or against a corporation in its corporate name. RCW 23B.14.050(2)(e).[7] Nor does it abate

---

(2) The corporation does not deliver its completed initial report or annual report to the secretary of state when it is due;
RCW 23B.14.200.

[4]    (1) A corporation administratively dissolved under RCW 23B.14.210 may apply to the secretary of state within five years after the effective date of dissolution. RCW 23B.14.220.

[5]    When the reinstatement is effective, it relates back to and takes effect as of the effective date of the administrative dissolution and the corporation resumes carrying on its business as if the administrative dissolution had never occurred.
RCW 23B.14.220(3).

[6]    A corporation administratively dissolved continues its corporate existence but may not carry on any business except that necessary to wind up and liquidate its business and affairs in a manner consistent with RCW 23B.14.050.
RCW 23B.14.210(3).

[7]    (2) Except as otherwise provided in this chapter, dissolution of a corporation does not:

. . . .

(e) Prevent commencement of a proceeding by or against the corporation in its corporate name.
RCW 23B.14.050(2)(e).

or suspend a proceeding pending by or against the corporation on the effective date of dissolution. RCW 23B.14.050(2)(f).[8]

All state corporation statutes allow for the survival of claims for a set period of time following dissolution. 16A WILLIAM MEADE FLETCHER & CAROL A. JONES, FLETCHER CYCLOPEDIA OF THE LAW OF CORPORATIONS § 8113 (perm. ed., rev. vol. 2012). Most states have enacted provisions permitting a corporation to sue and be sued as part of their winding up activities. Ballard Square, 158 Wn.2d at 609. Legislatures similarly passed provisions, known as survival statutes, which permit suits by and against a corporation for a limited amount of time. Ballard Square, 158 Wn.2d at 609.

Survival Statute—RCW 23B.14.340

In 1965, Washington enacted a survival statute as part of the WBCA, then codified at Title 23A RCW. Ballard Square, 158 Wn.2d at 609. That statute provided that dissolution did not "take away" or "impair" preexisting claims "available to or against such corporation," but required all claims be filed within two years of dissolution. Former RCW 23A.28.250 (1967).

In 1989, the legislature repealed former Title 23A RCW and adopted the Revised Model Business Corporations Act. LAWS OF 1989, ch. 165, § 204 (effective July 1, 1990). The legislature adopted the entire text of former RCW 23A.28.250 without revision, "pending study by [Revised Model Act] drafters." 2 SENATE JOURNAL, 51st Leg., Reg. Sess., at 3098-99 (Wash. 1989). Shortly after the study's completion, the

---

[8]     (2) Except as otherwise provided in this chapter, dissolution of a corporation does not:
                (f) Abate or suspend a proceeding pending by or against the corporation on the effective date of dissolution.
RCW 23B.14.050(2)(f).

legislature revised the survival statute by deleting language concerning actions by and prosecuted by the corporation and two other sentences related to denominating directors as trustees of corporate property and empowering directors, officers and shareholders to take actions to protect the corporation. LAWS OF 1990, ch. 178 § 6 (effective July 1, 1990).

In 2006, the legislature amended the survival statute to increase the period for filing claims from two to three years. LAWS OF 2006, ch. 52, § 17.

Postdissolution Statute—RCW 23B.14.050[9]

The "postdissolution statute," "describes in general the consequences of dissolution." [RCW 23B.14.050(1)] "explains the limited business role of a corporation upon dissolution, i.e., the carrying on of limited business activities necessary to wind up and liquidate. The second subsection identifies things that dissolution did not alter or bring about." Ballard Square, 158 Wn.2d at 613. The postdissolution provision provides in relevant part:

> **Effect of dissolution.**
> (1) A dissolved corporation continues its corporate existence but may not carry on any business except that appropriate to wind up and liquidate its business affairs, including:
> . . . .
> (2) Except as otherwise provided in this chapter, dissolution of a corporation does not:
> . . . .
> (e) Prevent commencement of a proceeding by or against the corporation in its corporate name.
> (f) Abate or suspend a proceeding pending by or against the corporation on the effective date of dissolution . . .

---

[9] This statute is entitled, "Effect of dissolution." The parties' briefs and case authority refer to it as "the postdissolution statute." For consistency, the opinion adopts this term when referring to the "Effect of dissolution" statute.

RCW 23B.14.050 (emphasis added) (2006). The original WBCA enacted in 1965 contained no analogous provision. The original version of the postdissolution statute was enacted with Washington's adoption of the Revised Model Business Corporations Act in 1989. LAWS OF 1989, ch. 165, § 158.

"Once dissolved, the corporation 'continues its corporate existence but may not carry on any business except that necessary to wind up and liquidate its business affairs under RCW 23B.14.050 and notify claimants under RCW 23B.14.060.' RCW 23B.14.210(3)." Equipto Div. Aurora Equip. Co. v. Yarmouth, 134 Wn.2d 356, 362, 950 P.2d 451 (1998).

In 2006, the legislature revised this statute by adding a new section (3) to clarify procedures that a board of directors can take as to creditors claims. The revisions also added the phrase underscored and quoted above, "Except as otherwise provided in this chapter." LAWS OF 2006, ch. 52, § 8(2). The original 1989 text read, "Dissolution of a corporation does not:" LAWS OF 2006, ch. 52, § 8(2).

Corporate Act Revision Committee (CARC) of the Washington State Bar Association

In 1975, CARC was formed "for the purpose of seeking to improve Washington's business corporation laws" mainly by offering recommendations for amendments to the Model Business Corporations Act, other states' corporate laws, and commenting on proposed amendments to Washington business corporation statutes. CORP. ACT REVISION COMM., WASH. STATE BAR ASS'N, WASHINGTON BUSINESS CORPORATION ACT (RCW 23B) SOURCEBOOK intro. and explanatory notes (4th ed. 2012) (SOURCEBOOK). As explained in the Sourcebook, "CARC's most ambitious success in its history was its drafting, and involvement in connection with the adoption, of the current Washington

Business Corporation Act, RCW 23B, which the Washington Legislature adopted in 1989. CARC has since drafted, and testified on behalf of the WSBA before the legislature with respect to, numerous amendments to RCW 23B." SOURCEBOOK, intro. and explanatory notes.

"When the [l]egislature enacted the WBCA, it considered comments to the legislation which had been prepared by [CARC] of the Washington State Bar Association. Those comments are included in the SENATE JOURNAL, 51st Leg., 2977-3112 (1989), and are indicative of legislative intent. See Dioxin/Organochlorine Ctr. v. Pollution Control Hrg's Bd., 131 Wn.2d 345, 358, 932 P.2d 158 (1997) (a commission's final report on proposed legislation, which was submitted to the legislature with the bill, contributes to an understanding of legislative intent)." Yarmouth, 134 Wn.2d at 366-67.

Statutory Interpretation

Questions of statutory interpretation are questions of law. Bostain v. Food Exp., Inc., 159 Wn.2d 700, 708, 153 P.3d 846 (2007). This court reviews questions of law and summary judgment rulings de novo. Lyons v. U.S. Bank Nat'l. Ass'n, 181 Wn.2d 775, 783, 336 P.3d 1142 (2014).

When interpreting a statute, courts examine the plain language of the statute and related statutes to discern the plain meaning. Dep't of Ecology v. Campbell & Gwinn, L.L.C., 146 Wn.2d 1, 11, 43 P.3d 43 P.3d 4 (2002); HomeStreet, Inc. v. Dep't of Revenue, 166 Wn.2d 444, 451, 210 P.3d 297 (2009). If the plain language is subject to only one interpretation, the inquiry ends because plain language does not require construction. HomeStreet, 166 Wn.2d at 451. Whenever possible, statutes are to be read together to achieve a "'harmonious total statutory scheme . . . which maintains the

integrity of the respective statutes.'" Employco Pers. Servs., Inc. v. City of Seattle, 117 Wn.2d 606, 614, 817 P.2d 1373 (1991). An interpretation that reads language in isolation is too limited and fails to apply this rule. Jongeward v. BNSF Ry., 174 Wn.2d 586, 595, 278 P.3d 157 (2012). The construction of two statutes shall be made with the assumption that the legislature does not intend to create an inconsistency. State v. Bash, 130 Wn.2d 594, 602, 925 P.2d 978 (1996).

Innerspace contends that "[n]othing in chapter 23B requires reinstatement as a condition of maintaining a lawsuit." Br. of Appellant at 13-14. Innerspace asserts that RCW 23B.14.050(2)(e), the postdissolution statute, "provides that dissolution does not '[p]revent commencement of a proceeding by or against the corporation.' (emphasis added). The Washington legislature established no deadline for the conclusion of lawsuits by dissolved corporations." Br. of Appellant at 13. Innerspace argues that the expiration of the period for reinstatement has no effect on a pending lawsuit.

Hill argues that "no statute allows Innerspace to maintain a lawsuit after the reinstatement period expires without reinstating the corporation." Br. of Resp't at 23. She concludes that "[a]t common law, all suits against a corporation abated on dissolution" and "[w]here the statute is silent, the common law applies. . ." Br. of Resp't at 16, 26.

In Ballard Square, the Washington Supreme Court addressed whether a postdissolution suit against an administratively dissolved corporation "[is] not addressed by chapter 23B.14 RCW and therefore the common law applies."[10] Ballard Square,

---

[10] Ballard Square involved the pre-2006 statutory scheme. But that fact does not alter our analysis in the present case for the reasons discussed in this opinion.

-10-

158 Wn.2d at 608. The Ballard Square Condominium Homeowners Association sued developer Dynasty postdissolution for damages caused by water leaks. Like Hill, in the present case, Dynasty argued that the common law rule that all claims died upon corporate dissolution applied to the Association's claims. The Supreme Court rejected Dynasty's argument, reasoning WBCA's statutory scheme has displaced the common law rule that equates corporate dissolution to corporate death:

> [T]he Association correctly maintains that the statutes in the Washington Business Corporation Act have replaced the common law rule in its entirety. The statutory scheme shows the legislature's intent that claims arising after dissolution are not absolutely barred, unlike the harsh common law rule.
>
> The enactment of chapter 23B.14 RCW included RCW 23B.14.050(2)(e), which showed the legislature's intent to cut any remaining ties to the common law rule that all claims against a corporation died upon dissolution of the corporation. RCW 23B.14.050, as it existed when this action was commenced, stated in it its entirety:
>
> > (1) A dissolved corporation continues its corporate existence but may not carry on any business except that appropriate to wind up and liquidate its business and affairs, including:
> >
> > (a) Collecting its assets;
> >
> > (b) Disposing of its properties that will not be distributed in kind to its shareholders;
> >
> > (c) Discharging or making provision for discharging its liabilities;
> >
> > (d) Distributing its remaining property among its shareholders according to their interests; and
> >
> > (e) Doing every other act necessary to wind up and liquidate its business and affairs.
> >
> > (2) Dissolution of a corporation does not:
> >
> > (a)Transfer title to the corporation's property;

(b) Prevent transfer of its shares or securities, although the authorization to dissolve may provide for closing the corporation's share transfer records;

(c) Subject its directors or officers to standards of conduct different from those prescribed in chapter 23B.08 RCW;

(d) Change quorum or voting requirements for its board of directors or shareholders; change provisions for selection, resignation, or removal of its directors or officers or both; or change provisions for amending its bylaws;

(e) Prevent commencement of a proceeding by or against the corporation in its corporate name;

(f) Abate or suspend a proceeding pending by or against the corporation on the effective date of dissolution; or

(g) Terminate the authority of the registered agent of the corporation.

Ballard Square, 158 Wn.2d at 610-11 (quoting RCW 23B.14.050).

The court examined the plain language of RCW 23B.14.050(1) and (2) to determine the intended meaning of the statutes. The court noted that RCW 23B.14.050(1) states that a "dissolved corporation continues its corporate existence," but expressly limits that existence to doing business that is "'appropriate to wind up and liquidate [the corporation's] business and affairs.'" Ballard Square, 158 Wn.2d at 612 (quoting RCW 23B.14.050(1)) (alteration in Ballard Square). Wind up and liquidation activities are listed and include a broad array of related activities such as collecting assets and "doing every other act necessary to wind up and liquidate its business and affairs." Ballard Square, 158 Wn.2d at 611 (RCW 23B.14.050(1)(a) and (e)).

As to RCW 23B.15.050(2), the court noted this statute makes no mention of winding up but describes "events and actions that were not brought about and not barred by dissolution . . . ." Ballard Square, 158 Wn.2d at 613.

In short, [RCW 23B.14.050] describes in general the consequences of dissolution. [RCW 23B.050(1)] explains the limited business role of a corporation upon dissolution, i.e., the carrying on of limited business activities necessary to wind up and liquidate. [RCW 23B.14.050(2)] identifies things that dissolution did not alter or bring about.

The plain language of [RCW 23B.14.050(2)(e)] permitted any suit to be brought by or against the corporation regardless of dissolution, and the plain language of both subsections shows that the introductory language in subsection (1) limiting activities to winding up and liquidating does not limit subsection [RCW 23B.14.050(2)(e)].

Ballard Square, 158 Wn.2d at 613.

The court concluded that the plain language of RCW 23B.14.050(2)(e) "permitted any suit to be brought by or against the corporation regardless of dissolution . . . ." Ballard Square, 158 Wn.2d at 613 (emphasis added). "Under former chapter 23B.14 RCW as it existed when the Association commenced this action, a postdissolution action could be maintained against a dissolved corporation provided it was commenced within the statute of limitations. . . ." Ballard Square, 158 Wn.2d at 618.

The court held that 2006 amendments to the survival statute, RCW 23B.14.340, applied retroactively to bar the Association's lawsuit. That statute provides for a two year statute of limitations for postdissolution actions against a dissolved corporation that dissolved prior to the effective date of the 2006 amendments.

The court observed that even if an ambiguity existed over the meaning of RCW 23B.14.050, legislative intent supported its conclusion. It turned to the CARC official comments on the legislative history of this statute to further support its conclusion:

If we were to conclude that ambiguity did exist as to the meaning of RCW 23B.14.050(2)(e), and therefore looked to legislative history, our reading of the statute would be confirmed. The official comments to chapter 23B.14 RCW at the time of enactment explain that RCW 23B.14.050(2) makes clear that

chapter 14 dissolution does not have any of the characteristics of common law dissolution, which treated corporate dissolution as analogous to the death of a natural person and abated lawsuits, vested equitable title to corporate property in the shareholders, imposed the fiduciary duty of the trustees on the directors, who had custody of corporate assets, and revoked the authority of the registered agent. [RCW 23B.14.050(2)] expressly reverses all of these common law attributes of dissolution and makes clear that the rights, powers, and duties of shareholders, the directors, and the registered agent are not affected at dissolution and that suits by or against the corporation are not affected in any way.

Ballard Square, 158 Wn.2d at 614 n.7 (citing SENATE JOURNAL, 51st Leg., Reg. Sess., App. at 3095 (Wash. 1989) (alteration and emphasis in Ballard Square)).[11]

Hill contends that in 1990 the legislature amended the survival statute, RCW 23B.14.340, "to delete the provision allowing suits by dissolved corporations, thereby stripping a dissolved corporation of its right to affirmatively bring suit." Br. of Resp't at 18. It is true that among other changes to the survival statute, the legislature arguably eliminated suits by dissolved corporations.[12] Hill overstates the effect of this amendment.

The dissolution of a corporation. . .shall not take away or impair any remedy available ((to or)) against such corporation. . .for any right or claim existing, or any liability incurred, prior to such dissolution if action or other proceeding thereon is commenced within two years after the date of such dissolution. ((The directors of any such corporation shall hold title to the property of the corporation as trustees for the benefit of its creditors and shareholders.)) Any such action or proceeding ((by or)) against the corporation may be ((prosecuted or)) defended by the corporation in its corporate name. ((The shareholders, directors, and officers shall have

---

[11] "If a statute is ambiguous, we may look to the legislative history of the statute and the circumstances surrounding its enactment to determine legislative intent." Five Corners Family Farmers v. State, 173 Wn.2d 296, 305-06, 268 P.3d 892 (2011) (internal quotations omitted). Hill does not contend that any statutes at issue here are ambiguous. Even if we assume ambiguity exits, the legislative history of the postdissolution statutes do not support Hill's arguments.

[12] At oral argument, Hill was unable to provide us with any authority limiting a dissolved corporation's ability to maintain a suit.

-14-

~~power to take such corporate or other action as shall be appropriate to protect such remedy, right, or claim.~~))

LAWS OF 1990, ch. 178, § 6, at 1099 (effective July 1,1990).

Hill points to the Bill Digest for SSB 6389 (1990), related to the 1990 survival statute amendment, which states that "[a]ffirmative causes of action do not survive dissolution; however, dissolved corporations retain the right to defend actions." CP at 1458-59; Br. of Resp't at 19. Hill claims this legislative history shows dissolved corporations lacked authority to initiate lawsuits since 1990.

We disagree. The 2006 survival statute's plain language applies only to suits against a corporation. Nothing in the survival statute prohibits suits <u>by</u> the corporation. Hill's interpretation also conflicts with the CARC official comments on the 1990 survival statute amendment. According to CARC, the amendment's purpose was to eliminate conflicts with RCW 23B.14.050, the postdissolution statute.

> Section 14.34 [the survival statute RCW 23B.14.340] as enacted in 1989 conflicted with the rights that a dissolved corporation has under RCW 23B.14.050 [postdissolution statute] after articles of dissolution have been filed. <u>Thus, the section was amended to delete language concerning actions by the corporation.</u> Two other sentences in the old law and in proposed section 14.34 [survival statute] (relating to denominating directors as trustees of corporate property, and empowering directors, officers and shareholders to take actions to protect the corporation) were deleted as restatements of provisions in RCW 23B.14.050 [postdissolution statute].

SOURCEBOOK, RCW 23B.14.340 CARC cmt. at 14.340-2 (commentary to Amendments to Original Section, Laws of 1990, ch. 178, § 6) (emphasis added).

Hill's survival statute argument adds language to the survival statute in the guise of interpretation. We decline to rewrite unambiguous statutory language under the guise of interpretation. <u>Cerrillo v. Esparza</u>, 158 Wn.2d 194, 201, 142 P.3d 155 (2006).

Similarly, we "must not add words where the legislature has chosen not to include them." Rest. Dev., Inc. v. Cananwill, Inc., 150 Wn.2d 674, 682, 80 P.3d 598 (2003). Instead, we construe statutes assuming that the legislature meant exactly what it said. In re Marriage of Herridge, 169 Wn. App. 290, 297, 279 P.3d 956 (2012).

Further, to adopt Hill's interpretation renders the current version of RCW 23B.14.050(1) and (2)(e) meaningless.[13] Yarmouth, 134 Wn.2d at 365 ("a corporation's existence does continue after dissolution, albeit in a very narrow, restricted sense. A dissolved corporation continues its existence so as to wind up business affairs, but it is prohibited from conducting any other business."). It would be absurd for the legislature to authorize a postdissolution lawsuit "by the corporation" and simultaneously bar that lawsuit under the survival statute. We avoid absurd results in statutory interpretation. State v. Alvarado, 164 Wn.2d 556, 562, 192 P.3d 345 (2008).

Innerspace relies on Donlin v. Murphy, 174 Wn. App. 288, 300 P.3d 424 (2013). In Donlin, we addressed whether under the WBCA, Title 23B RCW, shareholder standing to assert derivative claims survives administrative dissolution of the corporation.[14] After considering the WBCA's legislative history, we concluded that, "Under the WBCA, Donlin's derivative action—in essence, a suit by the corporation— was not affected in any way by the administrative dissolution of GIS." Donlin, 174 Wn. App. at 299.

---

[13] Hill does not dispute that Innerspace's lawsuit falls within the business of winding up to collect assets, regardless of the lawsuit's merit.

[14] "A derivative suit permits a shareholder to sue a third party on behalf of a corporation, even though management is a function generally reserved to the corporation's officers and directors." Donlin, 174 Wn. App. at 297.

Relying on the plain text of RCW 23B.14.050(1), the postdissolution statute, we concluded that, "[t]he administrative dissolution of a corporation does not terminate corporate existence for all purposes. Under the WBCA, an administratively dissolved corporation continues to exist and may carry on business necessary and appropriate to wind up and liquidate its affairs." Donlin, 174 Wn. App. at 298.

We also determined that under RCW 23B.14.050(2)(f)'s plain meaning, a lawsuit did not "abate or suspend a proceeding pending by or against the corporation on the effective date of dissolution." Donlin, 174 Wn. App. at 298 (quoting RCW 23B.14.050(2)(f)).

In Donlin, we looked to the WBCA's legislative history related to the postdissolution statute. Based on this history we determined that, "[t]he WBCA's legislative history reinforces the conclusion that 'dissolution' has a special statutory meaning. Under the statute, 'corporate dissolution' should not be equated with 'corporate death'":[15]

> Proposed subsection 14.05(a) [now codified at RCW 23B.14.050(1)] provides that dissolution does not terminate the corporate existence but simply requires the corporation thereafter to devote itself to winding up its affairs and liquidating its assets; after dissolution, the corporation may not carry on its business except as may be appropriate for winding-up.
>
> The Proposed Act uses the term "dissolution" in the specialized sense described above and not to describe the final step in the liquidation of the corporate business. This is made clear by Proposed subsection 14.05(b) [now codified at RCW 23B.14.050(2) ], which provides that chapter 14 dissolution does not have any of the characteristics of common law dissolution, which treated corporate dissolution as analogous to the death of a natural person and abated lawsuits, vested equitable title to corporate property in the shareholders, imposed the fiduciary duty of trustees on directors who had custody of corporate assets, and revoked the authority of the registered agent. Proposed subsection 14.05(b) expressly reserves

---

[15] Hill's briefing fails to address Donlin.

all of these common law attributes and makes clear that the rights, powers, and duties of shareholders, the directors, and the registered agent are not affected by dissolution and that <u>suits by or against the corporation are not affected in any way</u>.

<u>Donlin</u>, 174 Wn. App. at 299 (quoting SENATE JOURNAL, 51st Leg., Reg. Sess., at 3095 (1989) (Wash. 1989)).

We are not persuaded by Hill's reliance on the reinstatement statute, RCW 23B.14.220. She treats the five-year reinstatement provision as the equivalent of a statute of limitations. Hill argues that Innerspace's lawsuit is time-barred because it failed to reinstate following administrative dissolution.

RCW 23B.14.220 provides in relevant part:

(1) A corporation administratively dissolved . . . may apply to the secretary of state for reinstatement within five years after the effective date of dissolution.
. . . .
(3) When the reinstatement is effective, it relates back to and takes effect as of the effective date of the administrative dissolution and the corporation resumes carrying on its business as if the administrative dissolution had never occurred.

RCW 23B.14.220.

To support her argument, Hill analogizes to the limited liability company (LLC) statutes and LLC case authority.[16] The comparison is inapt. LLCs are governed by an entirely dissimilar statutory scheme, chapter 25.15 RCW. Hill does not dispute that Innerspace's administrative dissolution is governed entirely by the corporate postdissolution statute, chapter 23B.14 RCW. Thus, her reliance on LLC case authority is equally misplaced. The plain text of the corporate dissolution statutes controls here.

---

[16] Hill relies on <u>Maple Court Seattle Condo. Ass'n v. Roosevelt, LLC</u>, 139 Wn. App. 257, 160 P.3d 1068 (2007), and <u>Chadwick Farms Owners Ass'n v. FHC, LLC</u>, 166 Wn.2d 178, 207 P.3d 1251 (2009). Both cases involve administratively dissolved LLCs. Neither case controls.

Hill identifies no statutory language or controlling authority to support her reinstatement period assertion.[17] We generally do not consider arguments that are unsupported by pertinent authority. Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992). Where no authorities are cited, the court may assume that counsel, after diligent search, has found none. Grant County v. Bohne, 89 Wn.2d 953, 958, 577 P.2d 138 (1978).[18]

Hill also relies on the common law rule—corporate dissolution means corporate death. Ballard Square, Donlin, and the plain language of the corporate dissolution statute, chapter 23B.14 RCW discussed above, control—not the common law rule.

---

[17] At oral argument to this court, we specifically asked Hill's counsel whether any authority supported her reinstatement period argument. She identified no controlling case authority or statute. Neither the plain text of the dissolution statute or the reinstatement statute can be read to require a dissolved corporation to reinstate before expiration of the five-year period to maintain an action.

[18] Hill also asserts:

The 2006 legislature added a proviso to RCW 23B.14.050(2) that makes the limitation of RCW 23B.14.340 explicit: "Except as otherwise provided in this chapter, dissolution of a corporation does not...(e) Prevent commencement of a proceeding by or against the corporation in its corporate name." RCW 23B.14.050(2) (emphasis added). Following the Supreme Court's reasoning in Ballard Square, the survival statute limits RCW 23B.14.050(2)(e), prohibiting suits by a dissolved corporation. The exception in RCW 23B.14.340 has swallowed the rule in RCW 23B.14.050(2)(e). If the survival statute did not bar suits by dissolved corporations, and if RCW 23B.14.050(2)(e) allowed this lawsuit, then a policy issue arises. Creditors of the dissolved corporation and persons injured by its tortious activity would receive less favorable treatment by the survival statute than the corporation receives.

Br. of Resp't at 21.

These unsupported assertions are unclear and confusing. If we assume Hill means that the survival statute's limitation period applies to RCW 23B.14.050(1) and (2), she is wrong. Hill also misstates the "reasoning in Ballard Square" and fails to provide a citation. Finally, nothing in the legislative history of RCW 23B.14.340 or RCW 23B.14.050 provides support for Hill's assertions.

We decline to address Hill's policy arguments. Those arguments are more appropriately directed to the legislature not the court.

<u>CONCLUSION</u>[19, 20]

We conclude that under the facts presented, no authority mandates Innerspace, an administratively dissolved corporation under RCW 23B.14.210, to reinstate in order to maintain this lawsuit. We reverse the order granting summary judgment of dismissal and remand with instructions to reinstate Innerspace's lawsuit consistent with this opinion.

WE CONCUR:

---

[19] Innerspace assigns error to the trial court's dismissal on summary judgment of its civil conspiracy claim related to a competitor called Finishing Touch. Innerspace appeals from two orders: an October 27, 2013 order on partial summary judgment and a December 27, 2013 order dismissing all remaining claims. Neither order addresses the Finishing Touch lawsuit. Under RAP 5.3(a)(3), a party seeking appellate review must "designate the decision or part of decision which the party wants reviewed." In general, we will not review an order that was not designated in the notice of appeal. RAP 2.4(a); <u>Right-Price Recreation, LLC v. Connells Prairie Cmty. Council</u>, 146 Wn.2d 370, 378, 46 P.3d 789 (2002). Hill's brief raises this issue, but Innerspace fails to address it in reply. We decline to review this assignment of error.

[20] In its notice of appeal, Innerspace appealed the trial court's October 27 order on summary judgment. Its assignments of error, however, only address the trial court's December 27 order dismissing all remaining claims. Innerspace's second assignment of error regarding its civil conspiracy claim, as described in footnote 3, is not properly before us. Accordingly, Innerspace waived its appeal by failing to assign error or include argument relating to any portion of the October 27 order. RAP 10.3(a)(5); <u>Cowiche Canyon Conservancy v. Bosley</u>, 118 Wn.2d 801, 809, 828 P.2d 549 (1992).