IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| In the Matter of the Detention of<br><br>K.L.,<br><br>STATE OF WASHINGTON,<br><br>                                Respondent,<br>        v.<br><br>K.L,<br><br>                          Appellant. | No.  81027-8-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

CHUN, J. — Seattle Children's Hospital (SCH) petitioned for a 14-day involuntary commitment of K.L. to treat her anorexia nervosa.  The trial court ordered 14-day involuntary commitment.  K.L. appeals, contending that the trial court's firearm notice failed to comply with RCW 71.34.740(7).  We affirm.

## I. BACKGROUND

SCH detained K.L. for a parent-initiated 72-hour evaluation and treatment for anorexia nervosa in its inpatient psychiatric ward.  SCH then petitioned for a 14-day commitment under RCW 71.34.730 and RCW 71.34.740.  SCH alleged that K.L. was gravely disabled[1] and required inpatient treatment.  The petition for

---

[1] "'Gravely disabled minor' means a minor who, as a result of a behavioral health disorder, (a) is in danger of serious physical harm resulting from a failure to provide for his or her essential human needs of health or safety . . ."  RCW 71.34.020(26).

Citations and pin cites are based on the Westlaw online version of the cited material.

commitment states that K.L. was advised about the potential loss of her firearm rights as a result of court-ordered commitment.

The trial court held a multi-day commitment hearing. On the first day of the hearing, the court notified K.L. about a potential loss of her firearm rights:

> THE COURT: . . . as we go through this hearing, if you have not submitted yourself voluntarily for hospitalization, and if at the end of this hearing I decide that you will be kept in against your will, you will lose any firearms rights that you might have. Do you understand that?
>
> K.L.: Yes, ma'am.
>
> THE COURT: Okay. You have very few firearms rights as a juvenile, but there are some, and you will lose those if that's what happens.

At the end of the hearing, the trial court found that K.L. did not make a good-faith effort to seek voluntary treatment. It ordered that K.L. be involuntarily committed at SCH for 14 days based on grave disability. As a result, K.L. lost her firearm rights.

## II. ANALYSIS

K.L. says the trial court failed to properly advise her that she could avoid losing her firearm rights by seeking voluntary treatment at any time before the court entered its commitment order. K.L. says that reversal and remand is necessary as a result. The State responds that the trial court's notice satisfied RCW 71.34.740(7)'s requirements. We agree with the State.[2]

---

[2] The State says even if the court erred, any error was harmless beyond a reasonable doubt based on K.L.'s resistance to treatment and the unlikelihood that she would voluntarily seek treatment. Because we conclude the court did not err, we do not reach the harmless error issue.

The applicable statute here, RCW 71.34.740(7),[3] provides:

> If the hearing is for commitment for mental health treatment, the court at the time of the commitment hearing and before an order of commitment is entered shall inform the minor both orally and in writing that the failure to make a good faith effort to seek voluntary treatment as provided in RCW 71.34.730 will result in the loss of his or her firearm rights if the minor is subsequently detained for involuntary treatment under this section.

Because notifying a minor about the loss of firearm rights is not discretionary, we review this issue de novo. See Oregon Mut. Ins. Co. v. Barton, 109 Wn. App. 405, 413, 36 P.3d 1065 (2001) (reviewing de novo an issue in which the trial court could exercise no discretion).

We held in In re Det. of T.C., 11 Wn. App. 2d 51, 62, 450 P.3d 1230 (2019), that RCW 71.05.240(2)[4] requires the trial court to notify the person facing commitment, before the entry of a commitment order, that if the person refuses to seek voluntary treatment and a commitment order is entered, they will lose their firearm rights. In T.C., before entry of a commitment order, the trial court did not notify T.C. of the potential loss of firearm rights or that he could avoid such a loss by seeking voluntary treatment. Id. at 55, 62–63. There were two mentions of the potential loss of firearm rights throughout the commitment proceedings; but we held that neither satisfied the statute because the first did not come from the trial court and the second came after the trial court entered the commitment order. Id. at 62–63.

---

[3] The legislature made some changes to this statute in 2020, but not to the applicable language here. We thus cite the most recent version.

[4] This statute concerns adult commitment proceedings.

3

Here, at the beginning of the hearing, the trial court sufficiently notified K.L. about the potential loss of her firearm rights and about her option to avoid such loss by seeking voluntary treatment. The trial court told K.L. that "*as we go through this hearing, if you have not submitted yourself voluntarily for hospitalization*, and if at the end of this hearing I decide that you will be kept in against your will, you will lose any firearms rights that you might have." (Emphasis added.)

K.L. acknowledges that the trial court informed her of the potential loss of her firearm rights but says that its statement about voluntary treatment was misleading. K.L. says that because the trial court used past tense, it failed to inform her that she could still avoid loss of her rights at any time before the court entered its commitment order. But taken in context, the trial court's notice was not misleading. The trial court prefaced its notice with "as we go through this hearing," conveying that she could seek voluntary treatment during that period of time. The use of the word "if"—rather than a word such as "because"—indicates that the loss of rights would result from continued and future inaction by K.L., not as a result of her previous failure to seek voluntary treatment. And that those words are immediately followed by, "and if at the end of this hearing I decide that you will be kept in against your will," suggests that the two conditions go together. In other words, it suggests that both conditions must be satisfied by the end of the hearing, not that one condition has already occurred, and the other has yet to occur. And as the State notes, T.C. is distinguishable because in that case the trial court gave no notice about the potential loss of firearm rights and

4

how to avoid it before the court entered its commitment order. We conclude that the trial court did not err in its notice to K.L.[5]

We affirm.

_____Chun, J._____

WE CONCUR:

_____          _____Appelwick, J._____

---

[5] The record includes no written notice by the trial court about K.L.'s potential loss of firearm rights. And neither party discusses whether the trial court gave written notice. RCW 71.34.740(7) requires both oral and written notice about firearm rights. But K.L. does not assign error to the lack of written notice nor does she make any argument about it, so we constrain our analysis to the adequacy of the oral notice. See Burke v. Hill, 190 Wn. App. 897, 917 n.20, 361 P.3d 195 (2015) ("Accordingly, Innerspace waived its appeal by failing to assign error or include argument").